ENTERED
ON DOCKET
JUL 13 1999
BY DEPUTY

FILED _____ LODGED
_____ RECEIVED
JUL 12 1999
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY ELIZABETH HAGGERTY, et al.,

Plaintiffs,

v.

ROBERT BETHEL, M.D., et al.,

Defendants.

Case No. C98-5182FDB

ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This matter comes before this court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (Dkt. No. 101) of defendant Jenyung Luu, M.D. Defendants Robert Bethel, M.D., and Harrison Memorial Hospital have joined in defendant Dr. Luu's Motion to Dismiss.[1] The court has considered the pleadings filed in support of and in opposition to the defendant's' motion, and the records and files in this matter.

## FACTUAL OVERVIEW

The decedent Robert Haggerty was a sales representative for Fujitec of America and came to the State of Washington as a result of his employment with that company. From 1990 to December, 1993 the decedent Robert Haggerty and the plaintiff Mary Haggerty resided in the State of Washington. (*See* Def. Luu's Mot. to Dismiss at 2.) The decedent possessed a Washington driver's

---

[1] As all the defendants have joined in defendant Dr. Luu's Motion to Dismiss, hereinafter, they will be referred to collectively as "the defendants."

ORDER - 1

license and his vehicle was registered in Washington. (*See id.*) Plaintiff Mary Haggerty "sought employment" and, subsequently, "became home health care certified" under the State of Washington's home health care certification requirements. (Def. Luu's Mot. to Dismiss at 2.) In 1992, Robert Haggerty and Mary Haggerty married in the State of Washington. (*See id.*) The couple's first child was born in Washington. (*See id.*) In December, 1993, the couple moved to Oregon "because of Robert Haggerty's employment with Fujitec." (*Id.*) The couple returned to Washington after only six months in Oregon. (*See id.*)

It was in June, 1994, that Robert and Mary Haggerty returned to the State of Washington. (*See id.*) Robert Haggerty again obtained a Washington State driver's license and registered his vehicle in Washington. (*See id.*) The couple's second child was born in Seattle, and Robert Haggerty was told by his company that he would be settling in Seattle. (*See id.*) "The couple never owned property in any state" including the State of Washington. (Def. Luu's Mot. to Dismiss at 2.) However, they did rent the house they lived in while residing in the State of Washington. (Pls.['] Obj. to Def. Luu's Mot. to Dismiss at 3.)

On April 5, 1995, decedent Robert Haggerty "sought ... treatment at North Kitsap Medical Center." (Pl's Compl. at ¶ 12.) The decedent was subsequently diagnosed as having meningitis. On April 8, 1995, Mr. Haggerty was removed from life support and died that same day. At the time of Mr. Haggerty's death, Mr. and Mrs. Haggerty were residents of the State of Washington.[2] After Mr. Haggerty's death, plaintiff Mary Haggerty moved to Massachusetts where she currently lives with the couple's two children. (*See* Def. Luu's Mot. to Dismiss at 2.) Plaintiff Mary Haggerty has

---

[2]Although the decedent moved to Oregon in 1992 and paid Oregon State income taxes for the period September 1992 through December 1992, at the time of Robert Haggerty's death he and Mrs. Haggerty are considered residents of Washington, and have produced no evidence (tax documents or other documentary evidence) that demonstrates they were residents of Oregon, Massachusetts or Rhode Island at the time of the decedent's death. (*See* Def. Luu's Supplemental Br. in Supp. of Mot. to Dismiss at 2-5.)

ORDER - 2

not been employed or paid taxes in the State of Massachusetts which is required of permanent residents under the laws of the State of Massachusetts of that .(*See id.* at 3.) "On April 11, 1998, Robert Haggerty's estate was probated in Kitsap County, Washington. (*Id.*) On this same date, Mary Haggerty "was appointed [a]dministratrix of his estate by the probate court." (*Id.*)

## PROCEDURAL OVERVIEW

On April 3, 1998, the plaintiffs' filed their Complaint. Plaintiff Mary Elizabeth Haggerty, the decedent's wife, is named as an individual plaintiff and as administratrix of the Estate of Robert Haggerty. The other named plaintiffs are the minor children of the decedent. The plaintiffs allege claims of wrongful death and negligence, under state law, arising from the medical care provided by the defendants to the decedent Robert Haggerty. In their Complaint the plaintiffs stated that this court's jurisdiction over their state law claims is "founded on 28 U.S.C. § 1331."[3] (Pls.['] Compl. at 1.)

At the time of the filing of the Complaint, plaintiff Mary Haggerty resided in Massachusetts. Currently, all of the plaintiffs reside in Massachusetts. Defendants Robert Bethel, M.D., Jenyung Luu, M.D., and Harrison Memorial Hospital are all residents of the State of Washington.

## LEGAL STANDARD AND STANDARD OF REVIEW FOR DIVERSITY JURISDICTION

Federal district courts are vested with original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between "*citizens of different States.*" 28 U.S.C. 1332 (a)(1)(*emphasis added*). In diversity cases where the

---

[3] Although the plaintiffs claim that this court has federal question jurisdiction over this matter, there are neither facts or law contained within the plaintiffs' Complaint that would suggest that plaintiffs' civil action for medical negligence, pursuant to state law, "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Therefore, the only jurisdictional issue before this court is whether this court has original jurisdiction over this matter based upon diversity of citizenship. *See* 28 U.S.C. § 1332 (a).

ORDER - 3

representative of an estate is bringing an action on behalf of the decedent, "the legal representative of the estate ... shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332 (c).

In order for a party to demonstrate citizenship for diversity purposes, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Complete diversity must exist between the parties. Complete diversity exists only when each plaintiff is diverse from the citizenship of each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In order for there to be complete diversity, no plaintiff may be a resident of the same state as a defendant. *See Wisconsin Dept. of Corrections v. Schacht*, 118 S.Ct. 2047, 2052 (1998)(*citations omitted*).

The Ninth Circuit Court of Appeals has established several principles which must guide this court in determining whether this court has diversity jurisdiction over a case. First, it is the party asserting diversity jurisdiction who bears the burden of proof. *See Lew v. Moss*, 797 F.2d at 749, 749. Second, "a person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* (*citations omitted*). Third, the existence of a party's domicile is determined at the time the lawsuit is filed. *Id.* (*citation omitted*). And, finally, a party's old domicile is not lost until a new one is acquired. *See id.* Thus, a change in domicile requires a confluence of factors which include the following: "(a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.*

There are a number additional factors which are also relevant to the analysis.[4] These factors include: current residence, automobile registration and drivers license, place of employment or business, voting practices and voting registration, location of real and personal property, location of

---

[4]No one factor is controlling. *See Lew v. Moss*, 797 F.2d at 749.

ORDER - 4

bank accounts, location of spouse and family, and payment of taxes. *See Lew v. Moss*, 797 F.2d at 749. As a result, "domicile is evaluated in terms of 'objective facts.'" *Id.* Thus, statements of intent are given little weight when in conflict with the objective facts because the determination is "'essentially factual.'" *Id.*

ISSUE: Whether this court has original jurisdiction over this case based upon diversity of citizenship

## DISCUSSION

In order for this court to have original jurisdiction over a civil action based upon diversity of citizenship, complete diversity must exist. Complete diversity exists only when each plaintiff is diverse from the citizenship of each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In order to for, there to be complete diversity, no plaintiff may be a resident of the same state as a defendant. *See Wisconsin Dept. of Corrections v. Schacht*, 118 S.Ct. 2047, 2052 (1998)(*citations omitted*). Moreover, under 28 U.S.C. § 1332 (c), the legal representative of an estate is deemed to be a citizen *only* of the same State as the decedent. *See* 28 U.S.C. § 1332 (c). In this case, the plaintiffs are asserting the jurisdiction of this court "solely on the basis of diversity of citizenship." (Pls.['] Obj. to Def. Luu's Mot. to Dismiss at 3.) Therefore, the plaintiffs bear the burden of proving that there is complete diversity. *See Lew v. Moss*, 797 F.2d at 749.

On April 11, 1998, Robert Haggerty's estate was probated in Kitsap County, Washington and, on this same date, Mary Haggerty, the decedent's wife, was appointed administratrix of his estate by the State of Washington's probate court. Plaintiffs concede that the "domicile of the representative of the estate and of the children is determined by the domicile of the decedent." (Pls.['] Obj. to Def. Luu's Mot. to Dismiss at 4.) However, plaintiffs argue that the decedent "had both long term and immediate contacts in Massachusetts and did not intend to remain in

ORDER - 5

Washington." (*Id.* at 4.) Therefore, plaintiffs contend that this court should consider the decedent's domicile as Massachusetts even though he lived in the State of Washington at the time of his death and his estate was probated in the State of Washington.

Plaintiffs set out a number of objective factors in an attempt to demonstrate that the decedent's domicile was Massachusetts. Plaintiffs state that both "Mr. And Mrs. Haggerty were ... born and raised in Massachusetts." (*Id.* at 3.) Plaintiffs argue that the decedent "switched his driving license to Washington because he had to do so for work." (*Id.*) They contend that the "couple and their children were living in a rented house" in Washington, and, that the decedent "had just received a promotion that insured a transfer to Boston within a couple of months." (Pls.['] Obj. to Def. Luu's Mot. to Dismiss at 3.) Plaintiffs also state that the decedent's position with his employer required frequent moves. (*See id.*) And, "[a]fter her husband's death, Mrs. Haggerty and her children returned to Massachusetts." (*Id.*)

Plaintiffs argue that Mr. Haggerty's subjective intent should weigh heavily in this court's determination. Plaintiffs contend that "Mr. Haggerty[] intended to change his domicile from Washington to Massachusetts" because of his employment with Fujitec. (*Id.*) Plaintiffs allege that Massachusetts was "his home as a youth and a young adult" as well as "the home of his wife's family." (*Id.*) And, that in spite of the objective facts that decedent's intent along with other "uncontroverted evidence" should "provide[] a sufficient basis upon which to conclude that Mr. Haggerty was not domiciled in Washington, but in Massachusetts." (Pls.['] Obj. at 5.) This court is not persuaded.

Plaintiffs' statements of the decedent's intent are in conflict with the objective facts presented by the defendants, and the decedent's alleged intent can be given little weight.[5] *See Lew v. Moss*, 797 F.2d at 749. Upon review of the record and the evidence before this court, the

---

[5]These objective facts include those facts attested to in the deposition testimony of plaintiff Mary Haggerty.

ORDER - 6

uncontroverted facts are that the decedent died in the State of Washington, and his estate was probated in the State of Washington. Prior to his death, he resided within the State of Washington, he worked within the State of Washington, he was licensed to drive within the State of Washington, and his vehicle was registered in the State of Washington. Thus, the decedent's domicile, for diversity of citizenship purposes, was in the State of Washington.

Although on April 3, 1998, when plaintiff Mary Haggerty filed her Complaint she resided in Massachusetts, on April 11, 1998, she was appointed administratrix of the decedent's estate by the State of Washington. Under federal law, as the decedent's domicile was the State of Washington, Mary Haggerty's domicile then became that of the decedent — the State of Washington.

Complete diversity of citizenship does not exist because each plaintiff in this case is not diverse from the citizenship of each defendant in this case. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Plaintiff Mary Haggerty, as an administratrix of Robert Haggerty's estate, is a resident of the State of Washington.[6] All defendants in this matter are also considered residents of the State of Washington. Thus, this court does not have original jurisdiction over this matter based upon diversity of citizenship.

ORDERED:

(1) The Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant Jenyung Luu, M.D. (Dkt. No. 101) is GRANTED. This matter is DISMISSED, pursuant to 28 U.S.C. §1332 (a), for lack of this court's jurisdiction; and

///

///

///

---

[6] Even if this court considers the fact that Mary Haggerty, as an individual plaintiff, resides in Massachusetts, complete diversity still does not exist.

ORDER - 7

(2) All pending motions in this case are STRICKEN AS MOOT.

DATED this 12 day of July, 1999.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8

United States District Court
for the
Western District of Washington
July 13, 1999

car

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:98-cv-05182

True and correct copies of the attached were mailed by the clerk to the following:

    Blair Baker Burroughs, Esq.
    LAWLER & BURROUGHS, PC
    STE 4750
    999 3RD AVE
    SEATTLE, WA  98104

    Miriam Weizenbaum, Esq.
    DeLUCA & WEIZENBAUM
    36 EXCHANGE TERRACE
    PROVIDENCE, RI  02903

    Amato A. DeLuca, Esq.
    DeLUCA & WEIZENBAUM
    36 EXCHANGE TERRACE
    PROVIDENCE, RI  02903

    Philip J. Vanderhoef, Esq.
    FAIN SHELDON ANDERSON & VANDERHOEF, PLLC
    STE 3610
    999 3RD AVE
    SEATTLE, WA  98104
    206-749-0094

    Donna Maria Moniz, Esq.
    JOHNSON, GRAFFE, KEAY & MONIZ
    STE 910
    1015 THIRD AVE
    SEATTLE, WA  98104
    FAX 386-7344

    Cynthia Jacobs Howey, Esq.
    JOHNSON, GRAFFE, KEAY & MONIZ
    STE 910
    1015 THIRD AVE
    SEATTLE, WA  98104

    Ketia J Berry, Esq.
    JOHNSON, GRAFFE, KEAY & MONIZ
    STE 910
    1015 THIRD AVE

SEATTLE, WA 98104

Kimberly Diane Ellwein Baker, Esq.
WILLIAMS, KASTNER & GIBBS
PO BOX 21926
SEATTLE, WA 98111-3926

Judge Burgess